IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| THE KROGER CO., *as plan sponsor of* THE KROGER KO. HEALTH AND WELFARE BENEFIT PLAN, | Case No. 1:21-cv-717 |
| | Judge Matthew W. McFarland |
| Plaintiff, | |
| v. | |
| RAFAEL NORIEGA, | |
| Defendant. | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 10). Defendant failed to timely respond to the motion. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons stated below, Plaintiff's Motion for Default Judgment (Doc. 10) is **GRANTED**.

## FACTS

The Kroger Co. Health and Welfare Benefit Plan ("Kroger Plan") is a self-funded employee welfare benefit plan. (Compl., Doc. 1, ¶ 2.) Plaintiff The Kroger Co. is the sponsor, administrator, and fiduciary of the Kroger Plan. (*Id.*) Plaintiff brings this action on behalf of all Kroger Plan participants. (*Id.*)

Defendant Rafael Noriega was a beneficiary of the Kroger Plan. (Compl., Doc. 1, ¶ 7.) On April 12, 2019, Defendant was injured in a car accident. (*Id.* at ¶ 8.) The Kroger Plan paid $206,356.27 on behalf of Defendant for medical expenses related to those injuries.

(*Id.*; Bernard Aff., Doc. 10-1, Pg. ID 39; Payment Itemization, Doc. 10-1, Pg. ID 45-52.) At some point, Defendant received third-party settlements related to the accident totaling $150,271.23. (Compl., Doc. 1, ¶¶ 10-11; Holt Aff., Doc. 10-2, Pg. ID 55; Insurance Correspondence, Doc. 10-2, Pg. ID 57-60.)

In the event the Kroger Plan makes a payment on behalf of a beneficiary, the beneficiary must reimburse the Kroger Plan if he or she receives a related third-party settlement payment. (Compl., Doc. 1, ¶ 9; Plan, Doc. 1-1, Pg. ID 7.) Though Defendant was aware of the Kroger Plan's reimbursement requirement, he failed to reimburse the Kroger Plan with the third-party settlement money. (*Id.* at ¶¶ 12-13; Notice, Doc. 10-1, Pg. ID 44.)

**PROCEDURAL POSTURE**

On November 17, 2021, Plaintiff brought against Defendant a claim for an "Equitable Lien by Agreement on Settlement Proceeds Paid to Defendant Noriega" pursuant to 29 U.S.C. § 1132(a)(3) and a claim for Attorney's Fees. (Compl., Doc. 1, ¶¶14-21.) Defendant failed to timely respond to the Complaint or otherwise appear in this matter. So, Plaintiff applied for an entry of default against Defendant. (*See* Application for Entry of Default, Doc. 6.) The Clerk entered default against Defendant on April 4, 2022. (Doc. 7) Plaintiff now moves for default judgment against Defendant. (*See* Motion for Default Judgment, Doc. 10.)

**LAW**

Federal Rule of Civil Procedure 55 governs entries of default and default judgment. A plaintiff seeking entry of default against a defendant must first show, "by

affidavit or otherwise," that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Upon such showing, the clerk must enter default against the defendant. *Id.* Following such entry, the plaintiff must apply to the court for a default judgment, except when the claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b). Once default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995).

A court deciding whether to grant a motion for default judgment must still satisfy itself that the facts in the complaint state a claim for relief against the defendant. *Kuhlman v. McDonnel*, No. 1:20-cv-510, 2022 U.S. Dist. LEXIS 23846, at *4 (S.D. Ohio Feb. 10, 2022) (citation omitted). The Court is also required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F.Appx. 351, 355 (6th Cir. 2009). To do so, the Federal Rules of Civil Procedure "require that the party moving for a default judgment present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enters.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

## ANALYSIS

Plaintiff seeks default judgment on its equitable lien claim against Defendant in the amount of $150,000.00. (Motion for Default Judgment, Doc. 10, Pg. ID 32.)

The Employee Retirement Income Security Act permits a civil action to be brought "by a participant, beneficiary, or fiduciary" to obtain "appropriate equitable relief." 29

3

U.S.C. § 1132(a)(3). Equitable relief refers to "those categories of relief that [are] typically available in equity." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002). "[T]o lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* A claim to enforce a contractual promise as an equitable lien is a form of equitable relief. *Sereboff v. Mid Atl. Med. Services, Inc.*, 547 U.S. 356 (2006); *see Gilchrest v. UNUM Life Ins. Co. of Am.*, 255 F.Appx. 38, 44 (6th Cir. 2007) ("[I]n addition to equitable restitution, § 1132(a)(3)(B) could also authorize a fiduciary's action to enforce an equitable lien by agreement.").

An equitable lien by agreement is "a type of equitable lien created by an agreement to convey a particular fund to another party." *Montanile v. Bd. Of Trs. Of the Nat'l Elevator Indus. Health Ben. Plan*, 577 U.S. 136, 143 (2016). The lien "arises from and serves to carry out a contract's provisions." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 98 (2013). For an agreement to create an equitable lien, it must "specifically identify a particular fund—distinct from the defendant's general assets—and a particular share of that fund to which the plan was entitled." *Gilchrest*, 255 F.Appx. at 44 (6th Cir. 2007); *see also Messing v. Provident Life & Accident Ins. Co.*, 48 F.4th 670, 686 (6th Cir. 2022).

Here, the Kroger Plan created an equitable lien by agreement. The Kroger Plan asserts a right to recover from a specific fund distinct from Defendant's general assets—recovery sourced from a third-party settlement—and a particular share of that fund to which the Kroger Plan is entitled—the portion of that settlement due to the Kroger Plan not to exceed the amount of benefit paid. *See Sereboff*, 547 U.S. 356, 364 (2006). Thus, the

4

Kroger Plan created an equitable lien by agreement that Defendant was required to comply with.

In turn, Plaintiff may recover the requested $150,000.00 from Defendant for those proceeds Defendant received from the third-party settlements. Plaintiff has sufficiently shown that the Kroger Plan expended $206,356.27 on Defendant's medical expenses related to a car accident. (Bernard Aff., Doc. 10-1, Pg. ID 39; Payment Itemization, Doc. 10-1, Pg. ID 45-52.) Plaintiff has additionally shown that Defendant received $150,271.23 in settlement funds related to that accident. (Holt Aff., Doc. 10-2, Pg. ID 55; Insurance Correspondence, Doc. 10-2, Pg. ID 57-60.) Defendant has not reimbursed the Kroger Plan with that settlement amount. (Compl., Doc. 1, ¶¶ 12-13; Notice, Doc. 10-1, Pg. ID 44.) Therefore, pursuant to the equitable lien, Plaintiff is entitled to recover $150,000.00 from the third-party settlements paid out to Defendant.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Plaintiffs' Motion for Default Judgment (Doc. 15) is **GRANTED**;

2. Default Judgment is **ENTERED** in favor of Plaintiff on its "Equitable Lien by Agreement on Settlement Proceeds Paid" claim against Defendant;

3. Defendant is **ORDERED** to reimburse Plaintiff the amount of $150,000.00 pursuant to 29 U.S.C. § 1132(a)(3) and the terms of the Kroger Plan; and

4. This case is **TERMINATED** from the Court's docket.


**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND